UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NELLA LONGARI S.R.L.,

                     Plaintiff,                    07 CV 8484 (VM)

    -against-

SALANDER-O'REILLY GALLERIES LLC and
LAWRENCE SALANDER,

                     Defendants.
------------------------------------------------------------X

## DECLARATION

Pursuant to U.S.C. 28 § 1746, Francesco Di Pietro, Esq. declares as follows:

1.     I am a member of Wuersch & Gering LLP, attorneys for plaintiff Nella Longari S.r.l. ("Plaintiff"). I make this declaration in support of Plaintiff's motion for an order seeking a temporary restraining order and a preliminary injunction enjoining Defendants from selling or otherwise disposing of or encumbering any of Plaintiff's Artworks, as described and listed in Schedule A to the Order to Show Cause herein, and from using any proceeds from sales of those Artworks for Defendants' own purposes; and ordering that Defendants provide an accounting for the sold Artworks and locate any of the unsold Artworks.

2.     The Declaration of Mario Longari and the Verified Amended Complaint establish that Plaintiff will suffer irreparable harm, Plaintiff will likely succeed on the merits (or sufficiently raises serious questions going to the merits), and a balance of hardships tipping decidedly in its favor.

3.     The Declaration of Mario Longari, the Verified Amended Complaint and the Memorandum of Law (to which this Honorable Court is respectfully referred) in

1

support of Plaintiff's motion all show that Plaintiff meets all the conditions required by Rule 65 of the FRCP.

4. Salander-O'Reilly is a private concern owned and controlled by Mr. Salander. Salander-O'Reilly was sued on multiple occasions by people complaining basically of the same behavior of which this Plaintiff complains. The multiple lawsuits against the Defendants show a modus operandi of the Defendants. Defendants take possession of artwork representing that they will sell the artwork and pay the price to the owner of the artwork but then after Defendants sell they fail to pay.

5. After suit was filed against Defendants, and a threat to file an Order to Show Cause why a preliminary injunction against Defendants should not be entered, on October 2, 2007, Antonette Favuzza ("Favuzza"), the C.E.O. of Salander-O'Reilly, contacted me and begged me not to file the Order to Show Cause. In return, Favuzza offered to forward to Plaintiff the sale proceeds of the auction or, if unsold, to return the Artworks to Plaintiff. The parties' stipulation was "so ordered" by this Honorable Court.

6. Two of the Artworks were sold at the October 3 auction. The proceeds of said sale are still in the custody of Sotheby's, which was served with a copy of the order. Plaintiff and Sotheby's are in the process of arranging for transfer to Plaintiff of said proceeds. The unsold Artwork was very recently transferred to Plaintiff.

7. Soon after the October 3 auction, Favuzza and I agreed to meet in order to account for what Defendants sold and what is still with Defendants. Favuzza promised me to make an inventory of the Artworks still with the Defendants and, ultimately, return the Artworks to Plaintiff.

8. However, Defendants have been at large since. I tried to contact Defendants and Favuzza but they do not pick up the phone and do not return calls. It would be fruitless to go to the gallery: I went to the gallery to meet with either Mr. Salander or Favuzza (or both), to no avail. The gallery's reception informed me that both Mr. Salander and Favuzza were busy and not willing to see me. I had to leave the gallery.

9. In the past couple of years alone, Defendants have been sued at least 15 times for failing to pay. There are multimillion dollar judgments pending as against Defendants.

10. I also learned, through newspapers, that apparently Judge Lowe III of the New York Supreme Court granted an injunction on Defendants' creditors' (other than this Plaintiff) motion to prevent the sale of certain artworks located at the Defendants' gallery.

11. On October 25, 2007, at 5:08 pm, I called Salander-O'Reilly at 212-879-6606. No person answered the phone. A recording indicated that: I had reached Salander-O'Reilly's gallery; that Salander-O'Reilly's gallery was open Monday through Saturday from 9:30 am to 5:30 pm; the caller should leave a message. When prompted by the tone, I left a detailed message identifying myself as the attorney for Nella Longari S.r.l., the plaintiff in the pending action before Judge Victor Marrero, of the U.S. District Court for the Southern District of New York. I also indicated that I wanted to talk with Lawrence Salander and/or Antonette Favuzza (Salander-O'Reilly's Chief Executive Officer) and/or any other representative of the defendants. Moreover, I indicated that I would file an application with the Court seeking an order enjoining Defendants from

selling Artworks which belong to the plaintiff and that I would request an accounting of the Artworks which had been sold. I also left my office number so that someone could return my call.

12. On October 25, 2007, at 5:11 pm, I called Lawrence Salander, one of the Defendants and the owner of Salander-O'Reilly, on his cellular phone (646-878-2723). 646-878-2723 is Lawrence Salander's cellular phone number. I know that because my client had given me that number and because a couple of weeks ago I called Lawrence Salander at 646-878-2723 and I was able to talk to him. When I called on October 25, 2007, at 5:11 pm, Lawrence Salander's phone rang numerous times; no person answered the phone; there was no greeting message or recording or any possibility of leaving a message. After his phone rang numerous times, I was suddenly disconnected without being able to leave a message.

13. On October 26, 2007, at 10:30 am, I called Lawrence Salander on his cellular phone (646-878-2723). Lawrence Salander's phone rang numerous times; no person answered the phone; there was no greeting message or recording or any possibility of leaving a message. After his phone rang numerous times, I was suddenly disconnected without being able to leave a message.

14. On October 26, 2007, at 10:37 am, I called "411" and asked for Lawrence Salander's home phone number; I gave the 411 operator Lawrence Salander's home address, 63 E. 82nd Street, New York, NY. The 411 operator informed me that at that address there was a Larry Salander. Larry is the name by which Lawrence Salander goes, as I found on the internet, on people search, and he was known to my client as "Larry." The 411 operator gave me Larry Salander's home number: 212-570-1564. On October

4

26, 2007, at 10:39 am, I called 212-570-1564 and a recording informed me that that number had been disconnected. I then called "411" again and asked to confirm Larry Salander's home number at the above address. The 411 operator confirmed that 212-570-1564 belonged to a Larry Salander located at 63 E. 82nd Street, New York, NY. When I told the 411 operator that I had tried this number and I was told that it had disconnected, she informed me that Larry Salander, an individual living at 63 E. 82nd Street, New York, NY, had a second number which, at his request, was unpublished. The 411 operator was not able to help me further.

15. On October 26, 2007, at 10:50 am, I called Salander-O'Reilly at 212-879-6606. No person answered the phone. A recording indicated that: I had reached Salander-O'Reilly's gallery; that Salander-O'Reilly's gallery was open Monday through Saturday from 9:30 am to 5:30 pm; the caller should leave a message. When prompted by the tone, I left a detailed message identifying myself as the attorney for Nella Longari S.r.l., the plaintiff in the pending action before Judge Victor Marrero, of the U.S. District Court for the Southern District of New York. I also indicated that I wanted to talk with Lawrence Salander and/or Antonette Favuzza and/or any other representative of the defendants. Moreover, I indicated that I was trying to find an amicable solution to the pending case and that if I was not able to find an amicable solution, I would file an application with the Court seeking an order enjoining Defendants from selling Artworks which belong to the plaintiff and that I would request an accounting of the Artworks which had been sold. This time, I left my office number and my cellular phone so that someone at the gallery could return my call.

5

16. On October 26, 2007, at 11:09 am, I sent Favuzza an email (at afavuzza@salander.com) explaining what I also said in the voice messages I left. A copy of my email is annexed hereto as **Exhibit A**. I received no answer to my email. I know that afavuzza@salander.com is Favuzza's email address because Favuzza and I have communicated through this email address before.

17. On October 26, 2007, at 4:43 pm, I called Salander-O'Reilly at 212-879-6606. No person answered the phone. A recording indicated that: I had reached Salander-O'Reilly's gallery; that Salander-O'Reilly's gallery was open Monday through Saturday from 9:30 am to 5:30 pm; the caller should leave a message. When prompted by the tone, I left a detailed message identifying myself as the attorney for Nella Longari S.r.l., the plaintiff in the pending action before Judge Victor Marrero, of the U.S. District Court for the Southern District of New York. I also indicated that I wanted to talk with Lawrence Salander and/or Antonette Favuzza and/or any other representative of the defendants. Moreover, I indicated that I was trying to find an amicable solution to the pending case and that if I was not able to find an amicable solution, I would file an application with the Court seeking an order enjoining Defendants from selling Artworks which belong to the plaintiff and that I would request an accounting of the Artworks which had been sold. This time, I left my office number and my cellular phone so that someone at the gallery could return my calls even during the weekend.

18. On October 26, 2007, at 4:48 pm, I called Lawrence Salander on his cellular phone (646-878-2723). Lawrence Salander's phone rang numerous times; no person answered the phone; there was no greeting message or recording or any possibility

6

of leaving a message. After his phone rang numerous times, I was suddenly disconnected without being able to leave a message.

19. On October 27, 2007, at 10:28 am, I called Salander-O'Reilly at 212-879-6606. No person answered the phone. I left the same message I had left before. I also called Lawrence Salander on his cellular phone, but no person answered the phone. After several rings, I was disconnected without the possibility of leaving a message.

20. On October 27, 2007, at 2:30 pm, I went to the gallery and, as I was about to negotiate the gallery's entrance, suddenly a person jumped out of a white van parked in front of the gallery and, in a threatening way, demanded that I leave without giving me an explanation.

21. On October 29, 2007, I was able to reach Kara Gorycki, from the law firm of Winston & Strawn (212-294-6700). Ms. Gorycki represents the Defendants in another lawsuit against them which is pending before this Honorable Court as well as in three suits pending before the Supreme Court of the State of New York. Ms. Gorycki said that her firm was not retained in this case. She would try to contact the Defendants to inform them of my intention to file an order to show cause seeking an injunction and an accounting. She said that she would try to get back to me in the afternoon of October 29. She also indicated twice that if I do not hear from her I should file the order to show cause to protect my client.

22. Since I have not heard back from Ms. Gorycki, I contacted her office on October 30, 2007, at approximately 10:00 am. Her secretary informed me that she was not around and transferred me to Ms. Gorycki's voice mail. I proceeded to leave a message in Ms. Gorycki's answering machine.

23. To date, I have not received any calls back from the Defendants and/or their employees. Ms. Gorycki did not return my call either.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York, on October 30, 2007

Francesco Di Pietro

8