Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, NY 10005
(212) 509-5050

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NELLA LONGARI S.R.L.,

                            Plaintiff,

           -against-

SALANDER-O'REILLY GALLERIES LLC and
LAWRENCE SALANDER

                          Defendants.
------------------------------------------------------------X

07 CV 8484 (VM)

**VERIFIED**
**AMENDED**
**COMPLAINT**

Plaintiff, NELLA LONGARI S.R.L., through its undersigned attorneys, alleges upon information and belief for its Verified Amended Complaint against Defendants SALANDER-O'REILLY GALLERIES LLC ("Salander-O'Reilly") and LAWRENCE SALANDER ("Mr. Salander"), as follows:

## COMMON ALLEGATIONS

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(2) because this action is between a foreign party, Plaintiff, and citizens of the State of New York, Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue properly lies in this District because Defendants reside or do business in this District.

3. At all times herein mentioned, Plaintiff was, and still is, a citizen of Italy and a business entity organized and existing under the laws of Italy with a place of business at v. Bigli, 15, Milan, Italy.

4. Upon information and belief, at all times herein mentioned, Defendant Salander-O'Reilly was, and still is, an entity existing under the laws of the State of New York, which was and still is conducting business within this District.

5. Upon information and belief, at all times herein mentioned, Defendant Mr. Salander was, and still is, an individual and a shareholder, owner, controller, officer and director of Defendant Gallery, and has an address, domicile or place of business within this District.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## FACTS

7. In 2005, Plaintiff sold "on consignment" and delivered to Salander-O'Reilly certain pieces of European artwork (the "Artworks"). The total value and price of the Artworks is 775,000 Euros (the equivalent of approximately $1,100,000, as of today's exchange rate). The Artworks are of unique character and "one of a kind" since they are originals from various historical periods, including the 14th century.

8. Salander-O'Reilly received and accepted the Artworks.

9. Plaintiff retained ownership title of the Artworks. Salander-O'Reilly was to sell the Artworks on behalf of Plaintiff for a commission. Salander-O'Reilly was offered, in the alternative, the option to purchase any or all of the Artworks upon payment of the respective

2

price. The parties agreed that title to the Artworks would pass to Salander-O'Reilly upon payment to Plaintiff.

10. Thereafter, Salander-O'Reilly indicated that it intended to keep some Artworks and promised to pay their respective price. Plaintiff invoiced Salander-O'Reilly but did not receive payment. Salander-O'Reilly has not protested or objected to Plaintiff's invoices.

11. Given the delay in paying, on numerous occasions Plaintiff attempted to contact Salander-O'Reilly but was not able to reach them. Finally, distressed and frustrated by the lack of response by Salander-O'Reilly, after several attempts, Plaintiff, by its officer Mario Longari, was able to get in touch, by telephone, with Mr. Salander in early December 2006. Plaintiff confronted Mr. Salander, the president of Salander-O'Reilly, and informed him that since potential buyers had offered to buy the Artworks, Plaintiff needed to obtain the Artworks immediately, unless payment was made by him immediately. Plaintiff indicated that it was willing to go to New York and take the Artworks.

12. In order to stop Plaintiff from taking the Artworks, Salander-O'Reilly, in the person of Mr. Salander, issued check 1420, in the amount of $90,000, drawn upon the First Republic Bank and payable to Plaintiff, in partial payment of the Artworks. Mr. Salander also issued four (4) additional checks, numbered 1421, 1422, 1423 and 1424, in partial payment of the purchase price and each in the amount of $90,000 which bear the following dates: January 15, February 15, March 15 and April 15, 2007. The five (5) checks handed to me total $450,000.

13. Mr. Salander indicated to Mario Longari that Plaintiff could deposit the checks on or after the dates indicated on the face of each check. He also indicated that the balance (775,000 Euros minus $450,000) would be paid when Salander-O'Reilly sold the Artworks which it did not purchase with the checks, otherwise the unsold Artworks would be returned.

Plaintiff then learned that at least one Artwork was sold by Salander-O'Reilly, but Salander-O'Reilly has failed to pay, notwithstanding Plaintiff's demands.

14. Mr. Salander was able to convince Plaintiff, with great effort on his part, to accept the checks which would definitely be paid upon deposit and dismissed Plaintiff after presenting vague excuses for the delay and assuring and reassuring Plaintiff that payment would be made in full even, but not only, with regard to the remaining Artworks he may sell. Plaintiff was satisfied that it received the five checks and left the Artworks to Defendants.

15. Thereafter, relying on the checks and the assurances of Mr. Salander, Plaintiff deposited check 1420, dated December 15, 2006. On January 4, 2007, Plaintiff was informed by the bank that payment on check 1420 had been stopped. The front side of check 1420 shows the words "PAYMENT STOPPED." The back side of check 1420 shows the words "ENDORSEMENT CANCELLED."

16. Plaintiff thereafter deposited checks 1421, 1422, 1423 and 1424 all of which were returned unpaid due to insufficient funds in Defendant's account.

17. Plaintiff has demanded payment of 775,000 Euros to Defendants on numerous occasions. Notwithstanding Plaintiff's numerous demands for payment, to date this amount remains outstanding and overdue. Defendants have absconded the Artworks.

18. By reason of the foregoing, Plaintiff has suffered damages in the amount of 775,000 Euros. Plaintiff has also suffered special damages including, but not limited to, the loss of the Artworks, the inability to sell the Artworks (even at a higher price), expenses in attempting to recover, as well as foreseeable incidental and consequential damages.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANT SALANDER-O'REILLY

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint as if herein set forth at length.

20. The offer, acceptance and consideration of the preceding paragraphs amount to a contract between Plaintiff and Salander-O'Reilly.

21. Plaintiff performed its obligation under the contract with Salander-O'Reilly.

22. By failing to pay (and/or by issuing checks the payment of which was stopped) Salander-O'Reilly breached its contract with Plaintiff.

23. Plaintiff suffered damages by reason of Salander-O'Reilly's breach.

### AS AND FOR A FIRST CAUSE OF ACTION FOR PROMISSORY ESTOPPEL AGAINST DEFENDANT MR. SALANDER

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 23 of this Complaint as if herein set forth at length.

25. Mr. Salander made a clear and unambiguous promise to Plaintiff. Plaintiff relied on the promise. Plaintiff's reliance was reasonable and foreseeable. Mr. Salander failed to keep his promise. Mr. Salander urged Plaintiff to act on his promise. Plaintiff acted in reliance of the promise. Plaintiff did not know the true intentions of Mr. Salander. As a result of its reliance, Plaintiff suffered damages.

### AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD AGAINST ALL DEFENDANTS

26. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25 of this Complaint as if herein set forth at length.

27. In early December 2006, Mr. Salander and Salander-O'Reilly, by Mr. Salander, made fraudulent representations and promises, knowing them to be false, to Plaintiff with the intent to defraud Plaintiff (the contents of which as more fully set forth in the Facts section of this Complaint). Plaintiff justifiably relied on the promise made by Defendants. Defendants failed to keep their promises. Defendants' failures damaged the Plaintiff. The representations and promises were made by Mr. Salander, individually and on behalf of Salander-O'Reilly ("you have my word that all payments will be satisfied in full"). Defendants had duties to disclose the true facts and intentions to Plaintiff. Defendants' motive and opportunity were to stop Plaintiff from taking the Artworks, and, ultimately, to enrich themselves. Without Defendants' promises and assurances, Plaintiff would have taken possession of the Artworks. Defendants have also sold at least one Artwork and failed to pay Plaintiff and disclose the sale.

28. Plaintiff suffered special damages by reason of Defendants' fraud, including, but not limited to, the loss of the Artworks, which are of unique character, the concrete opportunity to sell them to third parties, as well as damages in attempting to obtain payment and the Artworks (after December 2006), and foreseeable incidental and consequential damages.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS

29. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 28 of this Complaint as if herein set forth at length.

30. Defendants made false representations and promises to Plaintiff knowing that Plaintiff desired such representations and promises and knowing (or at least they should have known) that the representations and promises were incorrect, as more fully set forth in the Facts section of this Complaint. Plaintiff justifiably relied on the representation and promise. Defendants' failures damaged the Plaintiffs who had relied to its detriment. Plaintiff asked and

6

was given repeated assurances by Defendants about payment. Defendants have also sold at least one Artwork and failed to pay Plaintiff and disclose the sale.

31. Plaintiff suffered special damages by reason of Defendants' representations, including, but not limited to, the loss of the Artworks, which are of unique character, the concrete opportunity to sell them to third parties, as well as damages in attempting to obtain payment and the Artworks (after December 2006), and foreseeable incidental and consequential damages.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST DEFENDANT MR. SALANDER

32. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 31 of this Complaint as if herein set forth at length.

33. Mr. Salander has obtained a benefit that in equity and good conscience he should not have obtained without paying Plaintiff. Mr. Salander owes Plaintiff 775,000 Euros. His enrichment was not justified.

## AS AND FOR A FIFTH CAUSE AGAINST DEFENDANT SALANDER-O'REILLY AND SIXTH CAUSE OF ACTION AGAINST DEFENDANT MR. SALANDER FOR BREACH OF FIDUCIARY DUTY

34. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 33 of this Complaint as if herein set forth at length.

35. Salander-O'Reilly acted as agent of Plaintiff in the sale on "consignment" agreement. Salander-O'Reilly had a duty of care and loyalty to the Plaintiff. Salander-O'Reilly breached said duty with its actions and/or omissions. By reason of Salander-O'Reilly's breach, Plaintiff suffered damages, including, but not limited to special damages.

36. Mr. Salander had superior knowledge respect to Plaintiff of all facts and circumstances described herein. Mr. Salander had a duty of care and loyalty to the Plaintiff. Mr.

7

Salander breached said duty with his actions and/or omissions. By reason of Mr. Salander's breach, Plaintiff suffered damages, including, but not limited to special damages. Plaintiff asked and was given repeated assurances by Mr. Salander about the payment.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR BREACH OF AGENCY AGAINST DEFENDANT SALANDER-O'REILLY

37. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 36 of this Complaint as if herein set forth at length.

38. The sale "on consignment" agreement between Plaintiff and Salander-O'Reilly amounts to an agency with bailment. Plaintiff demanded payment or restitution of the Artworks from Salander-O'Reilly. Salander-O'Reilly breached the agency with Plaintiff by refusing to pay and/or to restitute the Artworks to Plaintiff. By reason of the foregoing, Plaintiff suffered damages, including special damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR CONVERSION AGAINST ALL DEFENDANTS

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 38 of this Complaint as if herein set forth at length.

40. Plaintiff has a superior ownership interest over the Artworks. Plaintiff has demanded the Artworks but Defendants have refused to return the Artworks to Plaintiff. Plaintiff had the right to demand restitution of the Artworks. The Artworks converted by Defendants are 17 items consisting of sculptures, 2 fragments, 1 painting, 1 mask, 1 bronze, 1 frame and 1 "*bassorilievo.*" Defendants have also converted the proceeds of the sale of at least one Artwork.

41. By reason of Defendants' refusal, Plaintiff has suffered damages, including special damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR ACCOUNT STATED AGAINST DEFENDANT SALANDER-O'REILLY

42. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 41 of this Complaint as if herein set forth at length.

43. Plaintiff sent Salander-O'Reilly invoices for the Artworks. Salander-O'Reilly received and accepted said invoices and the prices stated therein without protest. Plaintiff has stated an account to Salander-O'Reilly. Salander-O'Reilly issued checks to Plaintiff in payment of the Artworks; at least one of the checks was not paid. Plaintiff is entitled to receive payment.

44. By reason of Salander-O'Reilly's refusal to pay, Plaintiff has suffered damages, including special damages. Salander-O'Reilly owes Plaintiff 775,000 Euros.

### AS AND FOR A NINTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACT AGAINST DEFENDANT MR. SALANDER

45. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 44 of this Complaint as if herein set forth at length.

46. Salander interfered with the contract between Plaintiff and Salander-O'Reilly by stopping Plaintiff from taking the Artworks in December 2006. Since Salander-O'Reilly did not perform its obligations under the contract with Plaintiff, Plaintiff suffered damages, including special damages.

47. Mr. Salander also interfered with the contract between Plaintiff and Salander-O'Reilly by stopping payment on the check. Since Salander-O'Reilly did not perform its obligations under the contract with Plaintiff, Plaintiff suffered damages, including special damages.

### AS AND FOR A TENTH CAUSE OF ACTION FOR RECOVERY OF CHATTEL AGAINST ALL DEFENDANTS

48. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 47 of this Complaint as if herein set forth at length.

49. Upon information and belief, Defendants possess and/or have control over a number of the Artworks. Plaintiff has exclusive right to those Artworks and Defendants have no title, interest or right in the Artworks.

50. By reason of the foregoing, Plaintiff is entitled to judgment awarding possession of the Artworks to Plaintiff.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR ACCOUNTING AGAINST ALL DEFENDANTS

51. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 50 of this Complaint as if herein set forth at length.

52. Defendants are obligated to account to Plaintiff regarding the Artworks, sales and proceeds from the sales of the Artworks.

53. Plaintiff has demanded from Defendants accurate books and records regarding the Artworks, sales and proceeds from the sales of the Artworks. Defendants have failed to provide such books and records.

54. By reason of the foregoing, Plaintiff demands that Defendants immediately provide full, complete and accurate books and records relating to the Artworks, sales and proceeds from the sales of the Artworks.

## AS AND FOR A TWELFTH CAUSE OF ACTION FOR ACCOUNTING AGAINST ALL DEFENDANTS

55. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 51 of this Complaint as if herein set forth at length.

56. Defendants induced Plaintiff to enter into the sale on consignment agreement by making false representations to Plaintiff regarding payments. In particular, Defendants issued 5 checks to Plaintiff. The checks were all returned unpaid. Plaintiff has not received payment.

57. By reason of the foregoing, the agreement should be rescinded and rendered null and void and Defendants are obligated to pay Plaintiff the amounts for which Plaintiff could now sell the Artworks had Defendants not fraudulently induced Plaintiff to enter into the agreement. Plaintiff has suffered damages in the amount of millions of dollars, the precise amount is to be determined at trial.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

58. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 57 of this Complaint as if herein set forth at length.

59. Plaintiff is entitled to recover punitive damages due to Defendants' willful and/or malicious actions and/or omissions. Defendants' fraudulent conduct and conversion was repetitive and continuous which makes their conduct even more despicable and subject to punitive damages. Defendants' conduct not only caused monetary damages, including special damages, to Plaintiff but also prevented Plaintiff from selling the Artworks to others.

## CONCLUSION

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants as follows:

1. On each and every cause of action, awarding Plaintiff damages in an amount of no less than millions of dollars, the precise amount of which to be determined at trial, and/or restitution of the Artworks, and/or restitution of the proceeds of sales;

2. On the Eleventh Cause of Action, ordering Defendants to provide Plaintiff with all full, complete and accurate books and records concerning the Artworks, sales, and proceeds from the sales of the Artworks.

3. On the Twelfth Cause of Action, ordering the rescission of the agreement.

4. All costs and fees of this action, including but not limited to attorneys' fees, as well as such other and further relief that this Court may deem just and proper.

Dated: October 11, 2007
New York, New York

                          Wuersch & Gering, LLP
                          Attorney for Plaintiff

By: _____
      Francesco Di Pietro (FD 6383)
      100 Wall Street, 21st Floor
      New York, New York 10005
      (212) 509-5050
      Our File: 11019-002

## VERIFICATION

Francesco Di Pietro declares and states that he is an attorney in the law firm of Wuersch & Gering, LLP, attorneys for plaintiff, Nella Longari S.r.L., in this action, and, having read the foregoing Verified Complaint and knowing the contents thereof, that the foregoing Verified Complaint is true to his knowledge, except as to matters therein stated on the information and belief and as to those matters, he believes them to be true; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by plaintiff; that the reason why the verification is not made by plaintiff is that the plaintiff is a corporation and its principal place of business is outside the Southern District of New York, and that due to the exigent nature of this proceeding it was not possible to obtain a verification from plaintiff; and that he is authorized to so verify. The source of deponent's information, and the grounds for his belief as to those matters stated in the Verified Complaint to be alleged on information and belief, are communications with representatives of said plaintiff.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2007

_____
Francesco Di Pietro

13